UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMMY MEJIA,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Case No. 3:21cv1222 (MPS) |
| OFFICER KURTZENACKER, ET AL.,<br>    Defendants, | : <br> : | |

## **ORDER DISMISSING PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIMS**

The plaintiff, Tommy Mejia, has commenced a civil rights action, under 42 USC § 1983, bringing, among other claims, procedural due process claims against defendants Perkins, Bomster, Jones, Tramontano, and Vicenty. ECF No. 11 at 16-19. Specifically, plaintiff, a state prisoner, contends that the above-noted defendants violated his due process rights by subjecting him to an unfair hearing on a fabricated disciplinary infraction charge. *Id.* at 19. This purported denial of due process resulted in a 90-day loss of commissary privileges and a 10-day loss of good time credit. *Id.* at 6.

In an Initial Review Order, the Court concluded that plaintiff was permitted to proceed with a due process claim relating to the 90-day loss of commissary privileges (a sanction affecting his conditions of confinement), but only if he was willing to forever waive any challenge to his 10-day loss of good time credit (a sanction affecting the duration of his confinement). *Id.* at 18; *see also Peralta v. Vasquez*, 467 F. 3d 98, 100 (2d Cir. 2006) ("[I]n 'mixed sanctions' cases, a prisoner can, without demonstrating that the challenged disciplinary proceedings or resulting punishments have been invalidated, proceed [ ] with a § 1983 action aimed at the sanctions or procedures that affected the conditions of his confinement … if he agrees to abandon forever any and all claims he has with respect to the sanctions that affected the

length of his imprisonment.") Accordingly, the Court instructed plaintiff:

> [You] must advise the Court in writing within twenty (20) days whether [you] waive[] for all time all claims in this action relating to disciplinary sanctions affecting the duration of [your] confinement (*i.e.*, the loss of good time credit).

*Id.* at 24.

On January 12, 2022, plaintiff filed a notice stating:

> Plaintiff hereby notifys the U.S. District court of Conn. that he seeks to pursue the fourthteenth Amendment procedural due process claim against the defendants named in [the complaint].

ECF No. 12 at 1. On March 15, 2022, the defendants filed a partial motion to dismiss contending that plaintiff's notice did not constitute a waiver of any claims regarding sanctions affecting the duration of his confinement. ECF No. 24 at 4-5.

On September 29, 2022, the Court filed an order agreeing with the defendants' argument that plaintiff's January 12, 2022, notice did not constitute an explicit waiver of claims. ECF No. 53 at 2. But the Court also concluded that plaintiff's notice could be construed as an implicit waiver. *Id.* Thus, the Court afforded plaintiff another opportunity to explicitly waive all claims in this action relating to disciplinary sanctions affecting the duration of his sentence. *Id.* The Court specifically instructed plaintiff that, to proceed with a procedural due process claim implicating his conditions of confinement (*i.e.*, the loss of commissary privileges), he needed to file a notice stating: "**I hereby waive, for all time, all claims in this action relating to disciplinary sanctions affecting the duration of my confinement (*i.e.*, the loss of good time credit)**." *Id.* (emphasis in original). The Court further warned Plaintiff that his procedural due process claim would be dismissed in its entirety unless he filed a notice of waiver within twenty days of the Court's order. *Id.*

On October 19, 2022, plaintiff filed a notice stating:

> The Plaintiff hereby notifies this U.S. District Court that he intends to proceed with his Fourthteenth (14th) Amendment Procedural due process claim to the extent that it implicates his "conditions of confinement," challenging his loss of good time.

ECF No. 56. The Court is not certain what plaintiff means to convey through his most recent notice. Thus, the Court cannot construe it as a waiver of a specific constitutional claim. *See Doe v. Marsh*, 105 F. 3d 106, 111 (2d Cir. 1997) ("[C]ourts must indulge every reasonable presumption against waiver of fundamental constitutional rights." (Internal quotation marks and citation omitted)). If plaintiff wished to waive his loss of good time credit claims to proceed with claims related to his 90-day loss of commissary privileges, he could have, and should have, used the exact waiver language provided in the Court's October 19, 2022, order.

Because plaintiff has not explicitly waived claims relating to his loss of good time credit, despite having been given multiple opportunities to do so, the Court now dismisses the procedural due process claims brought against defendants Perkins, Bomster, Jones, Tramontano, and Vicenty. *See* Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders . . . if a party . . . fails to obey a scheduling or other pretrial order"). Because this dismissal provides the relief sought by the defendants in their partial motion to dismiss, that motion is now granted.

## Conclusion

The defendants' partial motion to dismiss, [**Doc. No. 24**], is **GRANTED**. All procedural due process claims brought against the defendants are **DISMISSED**. Because this dismissal disposes of all claims brought against defendant Jones, the Clerk is directed to **TERMINATE** Jones as a party to this action.

**SO ORDERED** at Hartford, Connecticut, this 21st day of February 2023.

/s/
Michael P. Shea, U.S.D.J.

3